UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  19-CV-1255 |
| | ) |
| JUSTIN HAMMERS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding *pro se*, and currently an inmate within the Illinois Department of Corrections at the Illinois River Correctional Center ("Illinois River"), was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of the plaintiff's claims contained within his complaint. The Court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The plaintiff claims that, when he was transferred from the Danville Correctional Center to Illinois River, he possessed a low bunk permit. When he arrived at his assigned cell at Illinois River, however, another inmate was in the lower bunk. The plaintiff

inquired whether the other inmate also possessed a low bunk permit, and the other inmate acknowledged that he did not.

Nevertheless, Officer Schrrod did not require the other inmate to move, and Officer Schrrod did not move the plaintiff to a different cell so that he could use the lower bunk. Instead, Officer Schrrod told the plaintiff to use the top bunk and advised the plaintiff that they would sort it out later. Although Officer Schrrod told Lt. Scaggs about the situation, Lt. Scaggs took no action to help the plaintiff.

Later that night, the plaintiff fell from the top bunk and injured himself. The plaintiff was taken to the health care unit at Illinois River where he received a sling but little other treatment. Upon being returned to the general population, Lt. Rilea forced the plaintiff to move to a different cell despite the fact that his arm was in a sling.

The plaintiff's Complaint states a claim for deliberate indifference towards a serious medical condition against Officer Schrrod, Lt. Scaggs, and Lt. Rilea. Assuming what the plaintiff says is true, Officer Schrrod and Lt. Scaggs were aware of the plaintiff's need for a low bunk, but they ignored his need, and their actions or inactions led to the plaintiff's injury. As for Lt. Rilea, he would have been aware of the plaintiff's injuries from the fact that the plaintiff was returning from the health care unit and from seeing the plaintiff's arm in a sling. Nevertheless, Lt. Rilea allegedly forced the plaintiff to move his belongings to another cell, thereby exacerbating the plaintiff's pain. Based upon these allegations, the plaintiff's Complaint states a deliberate indifference claim against Officer Schrrod, Lt. Scaggs, and Lt. Rilea.

The plaintiff's Complaint does not, however, state a claim against the other named Defendants. Simply denying a grievance or failing to investigate a grievance does not constitute a basis for liability under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Wilkins v. Illinois Dep't of Corrections*, 2009 WL 1904414, * 9 (S.D. Ill. July 1, 2009); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, the plaintiff's Complaint fails to state a claim against the Warden Justin Hammers.

Likewise, making a rude comment does not violate one's Constitutional rights and cannot support liability under § 1983. *King v. Louisiana*, 294 F. App'x 77, 84 (5th Cir. 2008). Therefore, the plaintiff's Complaint fails to state a claim against the health care unit administrator Janet Mesker.

Finally, the plaintiff has not alleged that Wexford Health Sources, Inc., maintains an unconstitutional policy or practice that would subject it to liability under § 1983. *Fakhoury v. Brongiel*, 2019 WL 2772546, * 2 (N.D. Ill. July 2, 2019)(*citing Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). Therefore, the plaintiff's Complaint fails to state a claim against Wexford.

IT IS, THEREFORE, ORDERED:

1. Pursuant to its merit review of the plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff's Complaint states an Eighth Amendment deliberate indifference claim against Officer Schrrod, Lt. Scaggs, and Lt. Rilea. Any additional claims shall not be included in the case except at the Court's discretion and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. The Clerk of the Court is directed to add Lt. Scaggs as a party Defendant and to effect service of process on Officer Schrrod, Lt. Scaggs, and Lt. Rilea pursuant to the Court's standard procedures.

3. The Clerk of the Court is further directed to dismiss all other named Defendants for failure to state a claim against them upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. Pro. 12(b)(6).

4. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

5. The Court will attempt service on the defendants by mailing the defendants a waiver of service. The defendants have sixty (60) days from the date the waiver is sent to file an answer. If the defendants have not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

7. The defendants shall file an answer within sixty (60) days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

8. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail her discovery requests and responses directly to the defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

9. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

10. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11. If a defendant fails to sign and return a waiver of service to the clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12. The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.


Entered this 1st day of August, 2019


_____/s/ Harold A. Baker_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE